# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1942

_____

| | | |
|---|---|---|
| Len Edwin Davis, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; G. David | * | [UNPUBLISHED] |
| Guntharp, Assistant Director, | * | |
| Arkansas Department of Corrections; | * | |
| Greg Harmon, Warden, Tucker | * | |
| Maximum Security Unit, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 30, 2003

Filed: January 22, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal inmate Len Edwin Davis appeals (1) the adverse grant of partial summary judgment entered by the District Court[1] for the Eastern District of

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by

Arkansas, and (2) the later judgment, following trial, for defendants. For the reasons discussed below, we affirm the summary judgment order and the judgment.

Davis brought this 42 U.S.C. § 1983 action against officials at the Arkansas Department of Correction (ADC) asserting two claims. First, Davis alleged that defendants attempted to collect a DNA sample from him, while he was housed by ADC, pursuant to an Arkansas statute mandating DNA collection from inmates convicted for certain Arkansas sexual or violent offenses. Davis contended that, as a federal prisoner, the Arkansas DNA collection statute did not apply to him. We conclude the district court properly granted defendants summary judgment on this claim. See Meyers v. Neb. Health & Human Servs., 324 F.3d 655, 658-59 (8th Cir. 2003) (de novo review). An incorrect application of the state statute, without more, is not sufficient to establish a violation of a federal or constitutional right as required in a section 1983 action. See Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1998); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Further, defendants would be entitled to qualified immunity from damages from any Fourth Amendment claim Davis might have intended to assert, because we have not held that mandatory DNA testing violates the Fourth Amendment. See Latimore v. Widseth, 7 F.3d 709, 712 (8th Cir. 1993) (en banc) (qualified immunity protects government official from suit, if at time of challenged acts, it was not clearly established that those actions would violate clearly established law of which reasonable person would have known), cert. denied, 510 U.S. 1140 (1994).

Davis's second claim was that ADC violated his First Amendment rights by initiating a policy that permitted inmates to keep only five personal photographs in their cells in retaliation for inmates filing claims against ADC for lost or stolen photographs. After trial, the district court entered judgment for defendants, and on appeal, Davis argues the district court erroneously accepted defendants' testimony

---

consent of the parties pursuant to 28 U.S.C. § 636(c).

that the five-photograph limit was enacted for legitimate penological reasons.  This argument, however, merely questions the district court's determination of defendants' credibility.  <u>See</u> <u>United States v. Harris</u>, 310 F.3d 1105, 1111 (8th Cir. 2002) (appellate court does not assess credibility of witnesses), <u>cert. denied</u>, 123 S. Ct. 2121 (2003).

Accordingly, we affirm.  We also deny Davis's pending motions for appointment of counsel and for preparation of a trial transcript at government expense.

_____